UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WENDELL MINNIFIELD, :
    Petitioner, :
     :
    v. : Case No. 3:10cv303 (VLB)
     :
PETER MURPHY and :
DEPARTMENT OF CORRECTION, :
    Respondents. :

## RULING AND ORDER

The petitioner, Wendell Minnifield is currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut. He has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1996 conviction for murder in the first degree. The respondents move to dismiss the petition on the grounds that the petition is time-barred and constitutes a second or successive petition filed without first obtaining leave of the Court of Appeals. For the reasons that follow, the respondents' motion will be denied and the case transferred to the Court of Appeals.

On July 20, 2001, the petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Minnifield v. Gomez, 3:01cv1396(DJS) (D. Conn. Mar. 29, 2004). The respondent moved to dismiss the petition on the ground that the petition was time-barred. Counsel was appointed to represent the petitioner. On March 29, 2004, the Court determined that the petition was untimely filed and that equitable tolling was not warranted. The Court then

dismissed the petition and the Second Circuit affirmed the dismissal.  See Minnifield v. Gomez, 3:01cv1396(DJS) (Doc. #55).

Before a petitioner may bring a "second or successive" habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The statute does not define "second or successive."  However, courts considering this question have held that for a petition to be "second or successive," the first petition must have been decided "on the merits."  Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005).

In Murray, the Second Circuit held that the prior dismissal of a habeas corpus petition as time-barred "constitutes an adjudication on the merits that renders further petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."  Id. at 81.  See also Jordan v. Secretary, Dep't of Corrections, 485 F.3d 1351, 1353 (11th Cir.) (requiring petitioner to obtain order from appellate court before filing second or successive § 2254 petition after first petition was dismissed as untimely), cert. denied sub nom. Jordan v. McDonough, 552 U.S. 979 (2007); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims" and, therefore, the petitioner needs the appellate "court's permission to file another petition.").

2

Judge Squatrito's dismissal of the petitioner's first federal habeas action as barred by the statute of limitations renders this petition a second or successive petition. Thus, this Court lacks jurisdiction to entertain the merits of the petition unless the Court of Appeals authorizes the Court to do so.

The Court now must determine whether to dismiss this action or transfer it to the Second Circuit for a determination whether the district court should be authorized to consider the second or successive petition. The Second Circuit has expressed its preference that when a second or successive petition is filed in the district court without prior authorization, the district court should transfer the petition to the Second Circuit in the interests of justice pursuant to 28 U.S.C. § 1631. Although, after reviewing the petition and the petitioner's response to the respondent's motion to dismiss, the Court concludes that the chances of the petitioner succeeding on his request to file a second or successive petition are extremely slim, the Court will transfer this case to the Second Circuit for review.

The Court concludes that this is a second or successive petition filed without obtaining leave from the Court of Appeals. This Court, therefore, lacks jurisdiction to entertain the merits of the petitioner's grounds for relief or the respondents' arguments in their motion to dismiss. Accordingly, the Clerk is directed to transfer this case, pursuant to 28 U.S.C. § 1631, to the Court of Appeals for the Second Circuit to enable that court to determine whether the petitioner should be permitted to file this petition in the district court. The respondents' motion to dismiss [Doc. #9] is DENIED as moot. The Court

concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

IT IS SO ORDERED.

                                    /s/
                          Vanessa L. Bryant
                          United States District Judge

Dated at Hartford, Connecticut, October 28, 2010.